STATE

v.

**Daniel DOMINGUEZ.**

No. 95–735–M.P.

Supreme Court of Rhode Island.

July 12, 1996.

Aaron I. Weisman, Providence, for Plaintiff.

Barbara Hurst, Providence, for Defendant.

## OPINION

PER CURIAM.

We issued a writ of certiorari in this case to review a Superior Court's dismissal of a motion filed pursuant to Rule 9.1 of the Superior Court Rules of Criminal Procedure.[1] On May 6, 1996, counsel for the parties appeared before us to show cause why the issue raised in this petition should not be determined summarily. After reviewing the parties' arguments and memoranda, we perceive no cause and shall proceed to decide the issue presented.

The sole question on this petition is whether the Superior Court erred in denying the defendant's Rule 9.1 motion to dismiss because the motion justice thought it was time-barred.

The defendant, Daniel Dominguez, was arraigned in the Superior Court on July 26, 1995, on conspiracy-related charges. He was referred to the Office of the Public Defender for a determination of indigency but was not deemed eligible for representation until August. An assistant public defender (APD) finally entered an appearance on August 16. However, after reading the case file, the APD discovered that he had a conflict of interest, and defendant was not assigned a new APD until September 5.

Upon entering her appearance, the new APD filed the instant motion to dismiss on September 6, well beyond Rule 9.1's ten-day time restriction. After a hearing, a Superior Court justice ruled that this time limit was jurisdictional, that the court was therefore precluded from considering the dismissal motion on the merits, and that Super. R.Crim. Proc. 45(b)'s time-enlargement provision did not apply.[2] The defendant then filed a petition requesting us to review this ruling.

The state now concedes, as it must, that Rule 45 permits the time limit prescribed in Rule 9.1 to be extended. Rule 45(b)'s words are quite clear—it says in pertinent part that the trial court "for cause shown may at *any* time" order a time period enlarged (*except* those periods provided for in Rules 33, 34 and 35) when an act is required or allowed by the rules to be done within a specified period if, after the expiration of the specified period, the court finds that the "failure to act was the result of *excusable neglect.*" (Emphasis added.) Rule 9.1 certainly falls within the ambit of Rule 45(b)'s broad reach.

The state argues, however, that there should be a remand so the justice can determine whether "excusable neglect" exists here. We disagree. The record shows unequivocally that although the defendant was entitled to the appointment of counsel, none was provided until after Rule 9.1's ten-day period had already expired. In these circumstances we believe that the only conclusion that can be reached is that the defen-

1. Rule 9.1 of the Superior Court Rules of Criminal Procedure provides:

   "A defendant who has been charged by information may, within ten (10) days after he or she has been served with a copy of the information, move to dismiss on the ground that the information and exhibits appended thereto do not demonstrate the existence of probable cause to believe that the offense charged has been committed or that the defendant committed it. The motion shall be scheduled to be heard within a reasonable time."

2. Rule 45(b) provides:

   "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed, or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 33, 34 and 35, except to the extent and under the conditions stated in them."

dant's failure to file the instant motion in a timely fashion was the result of excusable neglect.

Accordingly we grant the petition for certiorari, quash the order below, and remand this case to the Superior Court with our decision endorsed thereon so that the defendant's Rule 9.1 motion to dismiss can be considered on its merits.