Peter BORANIAN

v.

Elaine RICHER et al.

No. 2008–324–Appeal.

Supreme Court of Rhode Island.

Nov. 20, 2009.

Ronald J. Resmini, Esq., Providence, for Plaintiff.

Kevin J. Flannery, Esq., Providence, for Defendants.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, JJ., and WILLIAMS, C.J. (ret.).

## OPINION

Chief Justice WILLIAMS (ret.), for the Court.

The plaintiff, Peter Boranian, appeals from a Superior Court order allowing the defendants, Elaine Richer and C. Real Richer [1] (defendants) to file a rejection of a court-annexed arbitration award out of time. Mr. Boranian contends that defendants failed to demonstrate excusable neglect with respect to their failure to reject the arbitration award within twenty days as prescribed by Rule 5 of the Superior Court Rules Governing Arbitration of Civil Actions. This matter came before the Supreme Court for oral argument on September 29, 2009, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument. For the reasons set forth below, we reverse the order of the Superior Court.

## I

### Facts and Travel

The underlying facts leading up to arbitration are not in dispute. On April 26, 2006, Mr. Boranian filed suit against defendants for injuries suffered in a rear-end automobile collision. The defendants did not dispute liability, and on March 18, 2008, the parties were referred to court-annexed arbitration. On April 21, 2008, an arbitrator awarded Mr. Boranian $45,000, plus interest and costs for injuries suffered as a result of the accident. The arbitrator filed the award with the Superior Court on April 22, 2008. On May 13, 2008, defendants filed a rejection of the arbitrator's award under Rule 5(a). That same day, the Superior Court Arbitration Office notified defendants that they had filed their rejection one day past the twenty-day filing deadline. Thereafter, defendants moved for leave to file their rejection of the court-annexed arbitration award out of time, which motion was heard on June 27, 2008. The hearing justice found that defendants' late rejection was caused by their attorney's miscalculation of the rejection deadline, in that counsel's secretary had miscounted the days and entered the deadline on the calendar as falling on May 13, 2008, rather than the actual date of May 12, 2008.

In their memorandum to support their motion to file a rejection out of time, defendants argued that the Superior Court, in its discretion, could grant relief due to mistake, inadvertence, surprise, or excusable neglect under Rule 60(b) of the Superior Court Rules of Civil Procedure. The defendants averred that the error in entering the incorrect deadline date was the product of an "inadvertence" and that, therefore, they were entitled to relief under Rule 60(b). The hearing justice did not determine whether the one-day miscalculation qualified as an "inadvertence;" rather he found that it was "excusable neglect," stating, "if the present case doesn't fit the meaning of excusable neglect, I don't know what case would." The hearing justice then entered an order allowing defendants to file their rejection out of time, and Mr. Boranian appealed.

## II

### Analysis

On appeal, Mr. Boranian argues that the hearing justice abused his discretion by

---

1. Another defendant, Amica Mutual Insurance Company was voluntarily dismissed from the case on August 31, 2006.

allowing defendants to file their rejection of the arbitrator's award out of time. Mr. Boranian contends that the failure of defendants' counsel to properly calendar the rejection deadline date did not fit within this Court's definition of "excusable neglect." In response, defendants argue that Mr. Boranian's appeal is not properly before this Court because it is interlocutory, that their late rejection of the arbitrator's award was excusable neglect, and that Rule 6(d) of the Superior Court Rules of Civil Procedure provides an additional day to file a rejection, making their rejection timely.

## A

### Standard of Review

■ Motions to enlarge time are confided to the sound discretion of the trial justice. *Astors' Beechwood v. People Coal Co.,* 659 A.2d 1109, 1115 (R.I.1995). Rule 6(b)(1) states that "the court may at any time *in its discretion * * ** order the period enlarged." (Emphasis added.) Therefore, this Court reviews such decisions for abuse of discretion or error of law. *Astors' Beechwood,* 659 A.2d at 1115 (citing *Iddings v. McBurney,* 657 A.2d 550, 553 (R.I.1995)). "The burden of proof is on the moving party * * * and although our review must be deferential, 'deferential review cannot be equated with no review at all.'" *Id.* (quoting *In re Scheri,* 51 F.3d 71, 75 (7th Cir.1995)).

## B

### Appeal of the Superior Court Order

■ We must first determine whether this appeal is properly before this Court. It is well settled in this jurisdiction that appeals from interlocutory orders are not permitted unless they fall within certain well-defined exceptions. *DeMaria v. Sabetta,* 121 R.I. 648, 649, 402 A.2d 738, 739 (1979). There are two exceptions to this general rule: the first is statutory, and the second is judicial in origin. *See* G.L. 1956 § 9–24–7; *McAuslan v. McAuslan,* 34 R.I. 462, 472, 83 A. 837, 841 (1912). The first exception allows an appeal from an interlocutory decree that grants or continues an injunction, or orders a receiver, or orders a sale of real or personal property. Section 9–24–7. The second exception, first announced in *McAuslan,* 34 R.I. at 472, 83 A. at 841, permits appellate review of an "order or decree which, although in a strict sense interlocutory, does possess such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm." *Town of Lincoln v. Cournoyer,* 118 R.I. 644, 648, 375 A.2d 410, 412–13 (1977).

We have previously held that when an arbitrator's jurisdiction is in question, a Superior Court order compelling arbitration has an element of finality that may be heard on appeal. *Forte Brothers, Inc. v. Rhode Island Department of Transportation,* 541 A.2d 1194, 1196 (R.I.1988). In the present case, plaintiff challenges the Superior Court order allowing defendants to reject the arbitration award out of time and proceed with a trial in Superior Court. We view such an order, compelling parties to litigate in Superior Court after the twenty-day period in which to reject has expired, as analogous to the facts presented in *Forte.* Accordingly, we shall address the issues raised in this appeal.

## C

### Rule 60(b) Inadvertence

■ Although defendants failed to point to the proper rule in their motion, a motion to reject an arbitrator's award out of time is governed by Rule 6(b). Rule 6(b)(2) allows a party to act after a time

period has expired, if the failure to act was the result of "excusable neglect."[2] Instead, defendants argued that their deadline miscalculation was the product of an "inadvertence" under Rule 60(b), and should, therefore, be excused.[3] Rule 6(b) does not provide a party relief due to an "inadvertence." Rather, such relief is provided for under Rule 60(b). In the present case, upon notification that the twenty-day deadline to reject had expired, defendants moved for leave to reject the arbitrator's award out of time. At no time was a judgment or a final order entered, from which defendants could seek relief under Rule 60(b). Because defendants sought additional time to reject the award beyond the twenty-day period specified in Rule 5(a) of the Superior Court Rules Governing Arbitration of Civil Actions,[4] they could not avail themselves to the Rule 60(b) "inadvertence" provision. Accordingly, defendants may obtain relief only if they satisfy the "excusable neglect" standard set forth in Rule 6(b).

### D

### Excusable Neglect

 "It is well settled that unexplained neglect, whether by a party or its counsel, standing alone, will not automatically excuse noncompliance with orderly procedural requirements." *Astors' Beechwood*, 659 A.2d at 1115 (citing *Iddings*, 657 A.2d at 553; *Vitale v. Elliott* 120 R.I. 328, 331, 387 A.2d 1379, 1381 (1978)). We have defined "excusable neglect" as "[a] failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party." *Pleasant Management LLC v. Carrasco*, 960 A.2d 216, 224–25 (R.I.2008) (quoting *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 584 (R.I.2005)). "Relief from a counsel's failure to comply with procedural requirements will not be granted 'unless it is first factually established that his [or her] neglect was occasioned by some extenuating circumstance of sufficient significance to render it excusable.'" *Astors' Beechwood*, 659 A.2d at 1115 (quoting *King v. Brown*, 103 R.I. 154, 157, 235 A.2d 874, 875 (1967)).

 This Court has been steadfast in its resolve to adhere to the "established rules of procedure, 'adherence to which is necessary [so] that parties may know their rights, that the real issues in controversy may be presented and determined, and

**2.** Rule 6(b) of the Superior Court Rules of Civil Procedure provides in relevant part:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *."

**3.** Rule 60(b) of the Superior Court Rules of Civil Procedure provides in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *."

**4.** Rule 5(a) of the Superior Court Rules Governing Arbitration of Civil Actions provides:

"*Trial as of Right.* Any party not in default for a reason which may result in judgment by default who is dissatisfied with an arbitrator's award may have a trial as of right upon filing a written rejection of the award on an approved form within 20 days after the arbitrator's ward has been filed, or within 20 days after an adverse determination of a Rule 3(j) motion to rehear."

that the business of the courts may be carried on with reasonable dispatch.'" *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I.1987) (quoting *O'Connor v. Solomon*, 103 Conn. 744, 131 A. 736, 736 (1926)). Therefore, "[e]xcusable neglect that would qualify for relief from judgment is generally that course of conduct that a reasonably prudent person would have taken under similar circumstances." *Astors' Beechwood*, 659 A.2d at 1115 (quoting *Pari v. Pari*, 558 A.2d 632, 635 (R.I. 1989)). Moreover, "[t]he determination of excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Pleasant Management, LLC*, 960 A.2d at 225 (quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). "These include * * * the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*; 960 A.2d at 225 (quoting *Conetta v. National Hair Care Centers, Inc.*, 182 F.R.D. 403, 406 (D.R.I.1998)).

This Court previously has addressed a party's late rejection of an arbitrator's award in *Astors' Beechwood*, 659 A.2d at 1115–16, in which we reversed the lower court's finding of excusable neglect based on counsel's busy schedule. There, counsel had tried an unrelated case in front of the same hearing justice during the rejection time period within which the award had to be rejected. *Id.* at 1112. Acknowledging his awareness that counsel had been engaged in a complex bench trial, the hearing justice found that his late rejection amounted to excusable neglect. *Id.* Reversing the hearing justice's decision, this Court held that counsel's justification for overlooking the filing deadline was not an "extenuating circumstance of sufficient significance" because counsel's excuse that his heavy workload caused him to miss the deadline could be used truthfully in almost every situation. *Id.* at 1115–16.

In another case addressing an attorney's failure to timely reject an arbitrator's award, this Court held that counsel's explanation that he missed the filing deadline because he had been waiting to receive a copy of the award in the mail, was insufficient to warrant excusable neglect. *Coutu v. Porter*, 744 A.2d 405, 406 (R.I.1999) (mem.). In that case, we held that the attorney's failure to file the rejection was "fully within his control," and "[h]e had a responsibility to know the rules and procedures governing arbitration." *Id.* And in yet another case dealing with a late rejection of a court-annexed arbitration award, this Court held that a *pro se* litigant's lack of knowledge of the arbitration award rejection deadline did not amount to excusable neglect. *Jacksonbay Builders, Inc.*, 869 A.2d at 584–85.

Finally, a review of our cases in which we have found excusable neglect suggests that a calendaring error is insufficient to warrant such a finding. *See, e.g., Pleasant Management, LLC*, 960 A.2d at 225 (excusable neglect when attorney violated anti-contact rule by telling opposing party to "forget about court," causing the default judgment against them); *Gardner v. Baird*, 871 A.2d 949, 952–53 (R.I.2005) (excusable neglect where plaintiff's failure to pay appellate court fees was immediately recognized and corrected before hearing date); *State v. Dominguez*, 679 A.2d 873, 874–75 (R.I.1996) (finding excusable neglect when defendant missed ten-day motion to dismiss deadline because his counsel was not appointed until after deadline expired). These cases demonstrate that excusable neglect must involve something more than a careless deviation from standard office procedure or the failure to

remember a deadline. Instead, for a party to establish excusable neglect, the party generally must show that the circumstances that caused the party to miss a deadline were out of that party or counsel's control. In the present situation, the error in computing the number of days to file the rejection was entirely under defendants' attorney's control. So, too, was his decision to wait until the eleventh hour to file the rejection.

The defendants do not proffer sufficient evidence that would justify rejecting on what they thought was the very last day. Moreover, defendants' counsel had more than twenty days to reject the arbitrator's award because the arbitrator initially had filed the award improperly. The defendants' counsel noticed the arbitrator's mistake and notified both him and Mr. Boranian that the arbitrator needed to properly refile the award in accordance with the court-annexed arbitration rules. For this reason, defendants' counsel not only had the twenty days from the arbitrator's actual filing date of April 22, 2008, but also had additional time before the arbitrator properly filed the award in which to prepare his rejection.

Upon reviewing the facts and circumstances surrounding defendants' late rejection, we conclude that, despite the fact that defendants missed the deadline by a mere day, their justification for missing the deadline was not an "extenuating circumstance of sufficient significance." Therefore, we hold that it was an abuse of discretion by the hearing justice to allow defendants to file their rejection out of time.

## E

### Superior Court Rule of Civil Procedure 6(d)

Lastly, defendants argue that Rule 6(d) provides them with an additional day to reject the arbitrator's award and that this additional day made their rejection timely. Rule 6(d) states, "[w]henever a party has the right or is required to do some act * * * within a prescribed period after the *service of a notice or other paper upon the party,* and the notice or paper is served upon the party by mail, 1 day shall be added to the prescribed period." (Emphasis added.) In contrast, Rule 5(a) of the Superior Court Rules Governing Arbitration of Civil Actions provides, "[a]ny party not in default * * * who is dissatisfied with an arbitrator's award may have a trial as of right upon filing a written rejection of the award on an approved form within 20 days *after the arbitrator's award has been filed * * *.*" (Emphasis added.)

Rule 6(d) provides an additional day for a party to take action when the prescribed period begins once a party has been *served by mail.* Superior Court Arbitration Rule 5(a), however, requires a party to act within twenty days after the arbitration award has been *filed* with the Superior Court Arbitration Office. Rule 6(d) does not provide for service of the arbitrator's award upon the parties. Thus, defendants cannot avail themselves of the additional day provided by Rule 6(d) to enlarge the twenty-day rejection time period. *See* 1 *Moore's Federal Practice* § 6.05 (Matthew Bender 3d ed. 2008).

## III

### Conclusion

For the reasons stated herein, we reverse the order of the Superior Court. The record shall be remanded to the Superior Court for proceedings consistent with this opinion.