Yendelby Santos                     :

            v.                       :

D. Laikos, Inc., d/b/a Monet Lounge and     :
            John Doe.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Yendelby Santos        :

v.        :

D. Laikos, Inc.,[1] d/b/a Monet Lounge and    :
John Doe.

Present: Suttell, C.J., Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.** The plaintiff, Yendelby Santos (plaintiff or Santos), appeals from the Superior Court's denial of his motion to vacate final judgment in favor of the defendant, D. Laikos, Inc., d/b/a Monet Lounge, and John Doe (collectively, defendants), on his personal injury claim. This matter came before the Supreme Court on May 11, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the matters at this time without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

---

[1] In their answer and subsequent pleadings, defendants submit that the correct spelling of the company's name is "D. Liakos, Inc." We will use the spelling as it appears in the case caption, which has not been changed in light of this apparent error.

**Facts and Travel**

The facts of this case are straightforward and undisputed. On April 30, 2011, plaintiff alleged that he sustained personal injuries during a "melee" at defendants' Providence nightclub, Monet Lounge. On April 18, 2014, he filed the instant personal injury action in Providence County Superior Court. However, the complaint erroneously stated that the incident in question occurred on November 4, 2010.[2] On April 20, 2015, defendants filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure,[3] stating that the three-year statute of limitations for personal injury actions barred plaintiff's claim.[4] The defendants' counsel certified that he mailed both the motion to dismiss and the accompanying memorandum of law to plaintiff's counsel's office, in addition to filing the motion and memorandum of law via the recently installed electronic filing system as is now required by the Superior Court Rules. The motion included a hearing date of June 16, 2015.

The hearing on defendants' motion occurred as scheduled; however, plaintiff did not appear. As a result, the hearing justice granted defendants' motion to dismiss on statute of limitations grounds. On June 23, 2015, plaintiff filed an objection and motion to vacate the final judgment, which indicated that his counsel did not receive notice of defendants' motion to

---

[2] According to plaintiff's Rule 12A statement, the error occurred because plaintiff's counsel "neglected to notice * * * that the template upon which the complaint was drafted referenced a date of incident of 'November 4, 2010.'"

[3] In the alternative, defendants also moved for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.

[4] In their answer filed July 29, 2014, defendants included the statute of limitations as an affirmative defense. Although their answer was untimely, plaintiff did not seek to default defendants.

dismiss. On June 25, 2015, final judgment entered dismissing plaintiff's claim. On that same day, plaintiff filed a motion to amend his complaint to correct the date of the incident.[5]

On July 8, 2015, a hearing was held on plaintiff's motion to vacate. At the hearing, plaintiff's counsel argued that excusable neglect pursuant to Rule 60(b)(1) of the Superior Court Rules of Civil Procedure, or in the alterative, "any other reason justifying relief" pursuant to Rule 60(b)(6), warranted relief from final judgment.[6] The plaintiff's counsel stated that she never received notice of defendants' motion to dismiss electronically because, after taking over the case, she failed to update the service contact in the electronic filing system with her contact information. Further, plaintiff's counsel represented that, if given an evidentiary hearing, she was prepared to present evidence to overcome the presumption that notice of the motion was received by mail. Specifically, plaintiff's counsel intended to call her office's litigation paralegal, who handled all of the mail for the firm's litigation department.

The plaintiff's counsel also indicated that, had she been aware of defendants' motion to dismiss, she would have promptly presented a motion to amend the complaint[7] to correct the "typographical error as to the date of the incident." She argued that "[t]here is no issue of notice of the event as far as * * * defendant[s are] concerned" because the police report issued in connection with the incident, of which defendants had a copy, contained the correct date.

The hearing justice said he "d[idn't] buy" plaintiff's excusable neglect argument, and denied his motion to vacate. On July 31, 2015, an order entered denying plaintiff's motion to

---

[5] It is unclear from the Superior Court docket whether the motion to amend or the final judgment was filed first.

[6] Interestingly, plaintiff did not cite to Rule 60 of the Superior Court Rules of Civil Procedure, or any other grounds for that matter, in his motion to vacate. The objection simply stated that plaintiff did not receive notice of defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure or notice of the hearing on said motion.

[7] The complaint was drafted by predecessor counsel.

vacate the final judgment and denying his request for an evidentiary hearing.[8]  No ruling was made on plaintiff's motion to amend.  The plaintiff timely appealed.[9]

## II

### Standard of Review

"Our review of a decision denying a motion to vacate a judgment is limited to examining 'the correctness of the order granting or denying the motion, not the correctness of the original judgment.'"  Ryan v. Roman Catholic Bishop of Providence, 941 A.2d 174, 187 (R.I. 2008) (quoting Greenfield Hill Investments, LLC v. Miller, 934 A.2d 223, 224 (R.I. 2007) (mem.)).  "It is our well-settled precedent that '[a] motion to vacate a judgment is left to the sound discretion of the trial justice and such a ruling will not be disturbed absent an abuse of discretion.'"  Turdo v. Main, 132 A.3d 670, 680 (R.I. 2016) (quoting Berman v. Sitrin, 101 A.3d 1251, 1260 (R.I. 2014)).

## III

### Analysis

On appeal, plaintiff argues that the trial justice erred in not granting his motion to vacate "due to excusable neglect beyond [his] control."  He also contends that he should have been afforded an evidentiary hearing on his claim of excusable neglect.

Rule 60(b)(1) provides:  "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for *

---

[8]  The original order prepared by defendants did not reference the denial of plaintiff's request for an evidentiary hearing.  The plaintiff objected to the original order and the requested language was included in the final order.

[9]  On July 8, 2015, plaintiff filed a notice of appeal from the judgment entered on June 25, 2015 dismissing his complaint.  On August 7, 2015, plaintiff filed an amended notice of appeal which indicated that he was not only appealing the judgment from June 25, but that he was also appealing the order denying his motion to vacate and the denial of the request for an evidentiary hearing.

* * [m]istake, inadvertence, surprise, or excusable neglect[.]" "With respect to plaintiff['s] claim for relief under the excusable neglect clause of Rule 60(b)(1), it is well established in this jurisdiction that unexplained neglect, standing alone and without more * * * will not automatically excuse noncompliance with orderly procedural requirements." Iddings v. McBurney, 657 A.2d 550, 553 (R.I. 1995). "Relief from a counsel's failure to comply with procedural requirements will not be granted unless it is first factually established that his [or her] neglect was occasioned by some extenuating circumstance of sufficient significance to render it excusable." Boranian v. Richer, 983 A.2d 834, 838 (R.I. 2009) (quoting Astors' Beechwood v. People Coal Co., 659 A.2d 1109, 1115 (R.I. 1995)).

In the case at bar, we discern no extenuating circumstances which render excusable plaintiff's failure to object to or to attend the hearing on defendants' motion to dismiss. The plaintiff's explanation for his failure to take any action in response to defendants' motion—that the motion was never received—falls short of what this Court has deemed excusable neglect. Rather, this is precisely the type of "unexplained neglect" and case mismanagement that we have said, on its own, does not suffice. See, e.g., Astors' Beechwood, 659 A.2d at 1115-16 (holding that attorney's excuse that his heavy workload caused him to miss a deadline to reject an arbitration award did not amount to excusable neglect). "Instead, for a party to establish excusable neglect, the party generally must show that the circumstances that caused the party to miss a deadline were out of that party or counsel's control." Boranian, 983 A.2d at 840. For example, we found excusable neglect when a defendant missed the ten-day motion to dismiss deadline because his counsel was not appointed until after the deadline expired, State v. Dominguez, 679 A.2d 873, 874-75 (R.I. 1996), and when an attorney violated the anti-contact rule by telling the opposing party to "forget about court," thereby causing that party to default.

<u>Pleasant Management, LLC v. Carrasco</u>, 960 A.2d 216, 225 (R.I. 2008). Here, there was no such interference beyond plaintiff's control. Instead, it was his counsel's failure to update the electronic filing system with the correct service contact information in a timely fashion, as well as an apparent mishap with the office mail, that caused the oversight.[10]

Furthermore, we are satisfied that the hearing justice did not abuse his discretion in denying plaintiff's motion to vacate on the basis of "[a]ny other reason justifying relief" under Rule 60(b)(6). "If inexcusable neglect precludes relief under Rule 60(b)(1), then the same inexcusable neglect cannot constitute the 'other' grounds under Rule 60(b)(6) unless 'other extraordinary and unusual factors are also present.'" <u>Labossiere v. Berstein</u>, 810 A.2d 210, 215 (R.I. 2002) (quoting <u>Bailey v. Algonquin Gas Transmission Co.</u>, 788 A.2d 478, 483 (R.I. 2002)). Indeed, we have said that Rule 60(b)(6) is "not intended to constitute a 'catchall' and * * * that 'circumstances must be extraordinary to justify relief.'" <u>Allen ex rel. Allen v. South County Hospital</u>, 945 A.2d 289, 297 (R.I. 2008) (quoting <u>Bailey</u>, 788 A.2d at 483). The plaintiff presents no such "other extraordinary and unusual factors" beyond the explanation and evidence in support thereof for excusable neglect. Accordingly, plaintiff's motion to vacate on the alternate Rule 60(b)(6) grounds[11] was properly denied.

---

[10] "Moreover, '[t]he determination of excusable neglect is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" <u>Boranian v. Richer</u>, 983 A.2d 834, 839 (R.I. 2009) (quoting <u>Pleasant Management, LLC v. Carrasco</u>, 960 A.2d 216, 225 (R.I. 2008)). Here, as the hearing justice aptly stated, "there [were] a series of things that fell through the cracks[]" on plaintiff's end.

[11] Crucially, plaintiff only relied on Rule 60(b) in support of his motion to vacate and did not aver that the subsequent motion to amend also warranted vacation of the final judgment. Generally, once a final judgment has entered, a party seeking to amend his or her complaint must first set aside the judgment. <u>See</u> <u>Cooper v. Shumway</u>, 780 F.2d 27, 29 (10th Cir. 1985) (stating that "once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)" (citing 6 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1489 (1971))). This is because "until a motion to vacate a judgment is granted, there is nothing left to amend[.]" <u>Bengar v. Clark Equipment Co.</u>,

The plaintiff also avers that the hearing justice erred in denying his request for an evidentiary hearing to put forth evidence that the motion was never received. To be sure, "[t]he existence of excusable neglect is a question of fact to be proven by evidence." Iddings, 657 A.2d at 553 (quoting Vitale v. Elliott, 120 R.I. 328, 331, 387 A.2d 1379, 1381 (1978)). "To trigger an evidentiary hearing supporting [a Rule 60(b)] motion, the moving party should present affidavits, sworn testimony, or witnesses who are prepared to testify at the hearing thereon to grounds that, if found to be true, would support a vacation of the judgment, order, or decision in question." DeLuca v. DeLuca, 839 A.2d 1237, 1242 (R.I. 2004).

Even assuming that the plaintiff was entitled to an evidentiary hearing, the extent of any such evidence he may have offered was in effect offered at the hearing on the motion to vacate, and the hearing justice found it to be unavailing. At the hearing, the plaintiff's counsel was given the opportunity to provide an offer of proof, at which time she laid out the crux of what her litigation paralegal would testify to at a subsequent evidentiary hearing: that the firm has a "very detailed mailing system," that all mail is "time stamped * * * dated, * * * [and] filed," and thus,

---

506 N.E.2d 147, 149 (Mass. App. Ct. 1987), reversed on other grounds, 517 N.E.2d 1286 (Mass. 1988). However, we note that several other jurisdictions have treated a motion to amend that has been filed within ten days of the entry of judgment—as was the case here—as a motion to vacate. See Bengar, 506 N.E.2d at 150 (collecting cases). Given the liberal amendment policy with regard to Rule 15 of the Superior Court Rules of Civil Procedure, these motions are often granted despite having the effect of eradicating the entry of judgment. See Foman v. Davis, 371 U.S. 178, 182 (1962) (reversing denial of motion to vacate judgment of dismissal where the District Court abused its discretion in denying motion to amend); Laber v. Harvey, 438 F.3d 404, 426-29 (4th Cir. 2006) (holding it was an abuse of discretion for the District Court to deny the plaintiff's motions for reconsideration and to amend); Adams v. Gould Inc., 739 F.2d 858, 869-70 (3d Cir. 1984) (holding it was an abuse of discretion to deny the plaintiff's motion to reopen judgment and amend its complaint); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597-600 (5th Cir. 1981) (holding the District Court abused its discretion in denying the plaintiff's post-judgment motion to amend). Here, plaintiff's motion to amend was filed on the same day judgment was entered, but the hearing justice never determined the effect of such motion.

the defendants' motion to dismiss was never received by her office.[12] After remarking that the defendants' certification that the motion was mailed creates a rebuttable presumption that it was in fact received, the trial justice stated that the plaintiff was attempting to "prov[e] the negative" by purporting to show the motion never arrived. With regard to the "detailed" mailing system supposedly employed by the office, the hearing justice stated that, "[p]eople make mistakes. People misfile things[,]" and he thus found the plaintiff's proffered evidence to fall short of supporting a claim of excusable neglect. We are satisfied that the hearing justice heard and considered the plaintiff's evidence in support of his claim of excusable neglect and that a subsequent formal evidentiary hearing would have been futile in this scenario.

## IV

### Conclusion

For the reasons set forth above, the judgment of the Superior Court is affirmed. The papers in this case may be returned to the Superior Court.

Justice Goldberg did not participate.

---

[12] The plaintiff's counsel briefly indicated that she was prepared to call the previous attorney of record in attempt to prove she was not listed as a service contact in the electronic filing system at the time the motion was filed; however, as the hearing justice pointed out, the electronic filing system itself shows as much—thus, the previous attorney's testimony was unnecessary to prove this particular point.



**TITLE OF CASE:**        Yendelby Santos v. D. Laikos, Inc., d/b/a Monet Lounge and John Doe.

**CASE NO:**        No. 2015-300-Appeal.
(PC 14-1984)

**COURT:**        Supreme Court

**DATE OPINION FILED:**  June 7, 2016

**JUSTICES:**        Suttell, C.J., Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

        Associate Justice Richard A. Licht

**ATTORNEYS ON APPEAL:**

        For Plaintiff:   Shelagh R. McCahey, Esq.

        For Defendants:  Fausto C. Anguilla, Esq.