**Supreme Court**
No. 2017-39-Appeal.
(NC 13-151)

Henry W. Archetto et al.        :

v.                              :

Christian R. Smith et al.        :

**O R D E R**

The defendants—Christian R. Smith and Roxalene E. Wadsworth—appeal from a Newport County Superior Court order denying their motion to vacate a previous order of the court that granted the motion of the plaintiffs—Henry W. Archetto, Maria A. Archetto, Paul H. Archetto, Linda C. Archetto, and Maria A. Archetto-Hickman—to dismiss their complaint, without prejudice. This matter came before the Supreme Court on February 14, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the arguments set forth in the parties' memoranda and at oral argument, we are convinced that cause has not been shown. Thus, further argument or briefing is not required to decide this matter. For the reasons outlined below, the Superior Court's judgment is affirmed.

While the facts begetting this case give rise to a claim that plaintiffs adversely possessed defendants' parcel of land in Jamestown, this case's procedural posture is what is significant on appeal, and we therefore proceed accordingly. The plaintiffs filed their complaint in Newport County Superior Court on March 29, 2013, alleging that they adversely possessed a portion of defendants' property. On June 14, 2013, defendants responded by filing their answer, without asserting a counterclaim. After three years, the hearing justice scheduled a date-certain trial for September 8, 2016. On October 6, 2016, approximately a month after the date-certain trial day

- 1 -

had passed, plaintiffs and defendants appeared before the hearing justice, and plaintiffs made an oral motion to dismiss their complaint, without prejudice.[1]  The defendants strenuously objected to plaintiffs' motion, arguing that the case should be dismissed *with* prejudice based on the significant length of time—roughly three years—that had elapsed since plaintiffs filed suit. Nonetheless, on that date, the hearing justice granted plaintiffs' motion to dismiss, without prejudice, directing the parties to prepare an order.  On October 11, 2016, an order entered that dismissed plaintiffs' complaint, without prejudice.[2]

On October 20, 2016, defendants filed a motion to reconsider or to vacate[3] the October 11, 2016 order, in response to which plaintiffs filed an objection.  The hearing justice heard argument on the motion to vacate on November 4, 2016, ultimately denying it on November 18, 2016.  On November 30, 2016, defendants appealed the order denying the motion to vacate the October 11, 2016 order.

In reviewing a Superior Court justice's decision granting or denying a motion to vacate, we are "limited to examining the correctness of the order granting or denying the motion, not the correctness of the original judgment."  *Santos v. D. Laikos, Inc.*, 139 A.3d 394, 398 (R.I. 2016) (quoting *Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 187 (R.I. 2008)).  We have held that "[a] Rule 60(b) motion to vacate is addressed to the [hearing] justice's sound

---

[1] Although not explicitly cited, plaintiffs' motion was made pursuant to Rule 41(a)(2) of the Superior Court Rules of Civil Procedure, which allows plaintiffs to dismiss an action by order of the court, without prejudice unless otherwise specified.

[2] While defendants filed an objection to the order, they did not file a notice of appeal to this Court.

[3] "[N]o authority exists for the filing of a motion to reconsider."  *Neufville v. State*, 172 A.3d 161, 167 (R.I. 2017).  But this Court has "allowed motions to reconsider to be treated as motions to vacate under Rule 60(b) of the Superior Court Rules of Civil Procedure * * *."  *Yi Gu v. Rhode Island Public Transit Authority*, 38 A.3d 1093, 1099 (R.I. 2012) (quoting *School Committee of Cranston v. Bergin-Andrews*, 984 A.2d 629, 649 (R.I. 2009)).  Accordingly, we will refer to defendants' motion as a motion to vacate.

judicial discretion and will not be disturbed on appeal, absent a showing of abuse of discretion." *Turacova v. DeThomas*, 45 A.3d 509, 514 (R.I. 2012) (quoting *Yi Gu v. Rhode Island Public Transit Authority*, 38 A.3d 1093, 1099 (R.I. 2012)).

The defendants' failure to appeal the October 11, 2016 order dismissing the case limits their current appeal to only the November 18, 2016 order denying their motion to vacate. Thus, the sole question properly before us is whether the hearing justice abused his discretion in denying defendants' motion to vacate. *See Turacova*, 45 A.3d at 514.

Rule 60(b) of the Superior Court Rules of Civil Procedure permits a Superior Court justice to discharge a judgment for a number of reasons. Citing that rule, defendants argue before this Court that the dismissal order was (1) entered in violation of Rules 6 and 7 of the Superior Court Rules of Civil Procedure;[4] (2) void; and (3) an exhibition of the hearing justice's "plain usurpation of power." However, these arguments were not presented below. "In accordance with this Court's longstanding 'raise-or-waive' rule, if an issue was not properly asserted, and thereby preserved, in the lower tribunals, this Court will not consider the issue on appeal." *Miller v. Wells Fargo Bank, N.A.*, 160 A.3d 975, 980 (R.I. 2017).

---

[4] Specifically, defendants argue that the dismissal order was entered in violation of Rules 6(c) and 7(b)(1) of the Superior Court Rules of Civil Procedure. Rule 6(c) provides, in relevant part: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than ten (10) days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court." Rule 7(b)(1) provides, in relevant part: "An application to the court for an order shall be by motion which, unless made during a hearing or trial or during the course of a deposition, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." The defendants argue that plaintiffs made their oral motion to dismiss at the pretrial conference, without any prior notice, as required under Rule 7(b)(1), and therefore the dismissal order is void.

The defendants also argue that the hearing justice did not wait the requisite four days before entering the dismissal order, which likewise rendered it void. *See* Super R. Civ. P. 77(f) ("If only one (1) order is filed and no objection thereto be filed within four (4) days thereafter, the clerk shall enter the order.").

As a result, we are confined to consider only those arguments that defendants made before the hearing justice. In defendants' motion to vacate, they argued that the hearing justice erred in granting the motion to dismiss, without prejudice, because the case had been pending for three years, during which time defendants had incurred "substantial cost," and defendants were entitled to finality. The defendants quarrel with the hearing justice's remarks expressing that their available remedy to stop plaintiffs from utilizing their land would be to initiate a suit of their own.

However, the defendants' assertions do not clearly articulate any of the enumerated reasons set out in Rule 60(b). The most relevant provision with which these arguments comport is Rule 60(b)(6), which empowers a Superior Court justice to grant a motion to vacate for "[a]ny other reason justifying relief from the operation of the judgment." Nevertheless, "we have said that Rule 60(b)(6) is 'not intended to constitute a catchall and * * * that circumstances must be extraordinary to justify relief.'" *Santos*, 139 A.3d at 399 (quoting *Allen ex rel. Allen v. South County Hospital*, 945 A.2d 289, 297 (R.I. 2008)). Because we do not believe that the time and expense expended or the defendants' claimed lack of finality are "extraordinary and unusual factors" particular to this case, we hold that the hearing justice did not abuse his discretion in denying the defendants' motion to vacate. *Id.* (quoting *Labossiere v. Berstein*, 810 A.2d 210, 215 (R.I. 2002)).

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to that tribunal.

Entered as an Order of this Court this 2nd day of March, 2018.

By Order,

_____/s/_____

Clerk

Justice Flaherty did not participate.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Henry W. Archetto et al. v. Christian R. Smith et al. | |
| **Case Number** | No. 2017-39-Appeal.<br>(NC 13-151) | |
| **Date Order Filed** | March 2, 2018 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Newport County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Walter R. Stone | |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Robert E. Flaherty, Esq. | |
| | For Defendants:<br><br>G. Quentin Anthony, Esq. | |