Supreme Court
No. 2023-122-C.A.
(P3/22-2632A)

State                              :

v.                               :

Mark Amesbury.                    :

# **O R D E R**

The defendant, Mark Amesbury, who is not represented by counsel, appeals from a Superior Court order denying his appeal from a magistrate's decision to deny his motion to dismiss a criminal complaint alleging twenty-nine violations of fire safety laws. This Court directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the order of the Superior Court.

On April 19, 2022, the state filed a twenty-nine-count criminal complaint against defendant in District Court,[1] citing G.L. 1956 § 23-28.3-9 as statutory

---

[1] We note that the complaint is numbered from one to thirty, but skips number twenty-eight; therefore, there are only twenty-nine counts in total.

grounds for all offenses.[2]  The alleged violations took place at various addresses in Pawtucket.

The defendant entered a plea of not guilty in District Court and waived his right to a jury trial.  He thereafter moved to dismiss the complaint, and his motion was denied.  He additionally moved to disqualify the judge, a request that also appears to have been denied.  The defendant then filed a motion to withdraw his waiver of a jury trial, and the case was transferred to Superior Court in accordance with Rule 23 of the District Court Rules of Criminal Procedure.[3]

After the case was docketed in Providence County Superior Court, defendant filed a motion to dismiss the complaint, proffering several arguments in support of his motion.  The record reflects that defendant's motion was denied after a hearing before the general magistrate on October 26, 2022.  The defendant then filed a motion for an evidentiary hearing and a motion to reconsider.  The defendant's

---

[2] General Laws 1956 § 23-28.3-9 provides in pertinent part that "any building owner or lessee who violates or fails or refuses to comply with" fire safety statutes, codes, or orders "shall be guilty of a misdemeanor * * *."

[3] Rule 23 of the District Court Rules of Criminal Procedure provides:

> "If the defendant does not file a waiver within ten (10) days of his or her initial appearance before the [District] Court, or if the defendant is allowed, for good cause shown, to withdraw his or her waiver after said ten-day period, the clerk shall transmit the record in the case to the clerk of the Superior Court for the county in which the offense was committed."

motion to reconsider was denied after a hearing before the general magistrate on December 16, 2022. Orders reflecting the denial of the motion to dismiss and the motion to reconsider were entered on April 28, 2023, after the case had been certified to this Court.

The defendant appealed the magistrate's decision to a justice of the Superior Court on December 28, 2022. Although defendant's notice of appeal indicated that he was appealing from an order entered on December 16, 2022—the motion to reconsider—and does not reference the denial of his motion to dismiss on October 26, 2022, the hearing justice treated defendant's appeal as an appeal from the denial of both motions. The hearing justice agreed with the magistrate's decision that the case "'screams for a trial' to fully develop evidence and testimony for the finder of fact to weigh." The hearing justice denied defendant's appeal, and defendant filed a timely notice of appeal to this Court.

Before this Court, defendant argues that (1) the magistrate and hearing justice "wrongfully treated [his] motion as a 9.1 Motion to Dismiss"; (2) the charges should have been dismissed because "the [s]tate failed to produce the [j]oint report that is required under Rhode Island Fire Code 7.1.11.2.1"; (3) double jeopardy applies; (4) the "Pawtucket Fire Marshal cannot sign the inspection report and compliance order based on hearsay"; and (5) defendant "cannot be criminal charged [*sic*] for a

[c]ommercial [t]enant [a]lleged fire code violation." None of the arguments raised in this interlocutory appeal, however, are properly before us.

We first address the double-jeopardy argument raised by defendant. "Ordinarily, a denial of a motion to dismiss a criminal action is not a final judgment from which an appeal may be taken. However, when the motion to dismiss is based upon double-jeopardy and collateral-estoppel grounds, [the Court] allow[s] an immediate appeal." *State v. Minior*, 175 A.3d 1202, 1206 (R.I. 2018) (quoting *State v. Wiggs*, 635 A.2d 272, 275 (R.I. 1993)). Although defendant argues on appeal that his case should have been dismissed on double-jeopardy grounds, he did not address the issue in his Superior Court memoranda. Furthermore, defendant has failed to provide this Court with a transcript of the hearings on his motion to dismiss and his motion for reconsideration. Thus, whether defendant raised the issue of double jeopardy orally at one of these hearings before the magistrate cannot be determined.

Article I, Rule 11(a) of the Supreme Court Rules of Appellate Procedure provides, in part, that "[p]romptly after filing the notice of appeal the appellant shall comply with the provisions of Rule 10(b) or (c) and shall take any other action necessary to enable the clerk to assemble and transmit the record." Art. I, Rule 11(a) of the Supreme Court Rules. "Under this rule, it is the duty of the appellant 'to ensure that the record is complete and ready for transmission.'" *Small Business Loan Fund Corporation v. Gallant*, 795 A.2d 531, 532 (R.I. 2002) (quoting *Procopio v.*

*PRM Concrete Corp.*, 711 A.2d 650, 651 (R.I. 1998) (mem.)). Indeed, "[i]n the absence of a transcript, this Court cannot determine how the trial justice came to a decision or, in turn, whether the trial justice erred in coming to that decision." *Boulais v. DiPaola*, 305 A.3d 1270, 1271 (R.I. 2024) (mem.).

The record, as transmitted to this Court, is devoid of any reference to the issue of double jeopardy. "Consequently, we have 'no alternative but to deny the appeal and uphold the trial justice's findings.'" *Boulais*, 305 A.3d at 1271 (quoting *Palange v. Palange*, 243 A.3d 783, 784 (R.I. 2021) (mem.)).

The defendant's remaining arguments are not properly before us because they do not fall within an exception to the general rule against interlocutory appeals in criminal cases. *See Minior*, 175 A.3d at 1206 ("It is well settled in this jurisdiction that appeals from interlocutory orders are not permitted unless they fall within certain well-defined exceptions." (quoting *Boranian v. Richer*, 983 A.2d 834, 837 (R.I. 2009))).

For the reasons stated herein, we affirm the order of the Superior Court. The record shall be returned to the Superior Court.

Entered as an Order of this Court this  24th  day of April, 2024.

By Order,

/s/ Meredith A. Benoit, Clerk
_____
Clerk



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | State v. Mark Amesbury. | |
| **Case Number** | No. 2023-122-C.A. (P3/22-2632A) | |
| **Date Order Filed** | April 24, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Brian P. Stern | |
| **Attorney(s) on Appeal** | For State:<br><br>Yasmin D. Gamez<br>Department of Attorney General | |
| | For Defendant:<br><br>Mark Amesbury, *pro se* | |