December 19, 2024

**Supreme Court**

No. 2023-339-Appeal.
(PC 20-6247)

Willie Gray et al.               :

v.                    :

City of Providence et al.        :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Willie Gray et al.                    :

v.                            :

City of Providence et al.        :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.**  The plaintiff,[1] Willie Gray (plaintiff),

appeals from an order denying his motion for relief from an order granting a motion

for the entry of judgment in favor of the defendant,[2] the City of Providence

(defendant).  This Court directed the parties to appear and show cause why the issues

raised in this appeal should not be summarily decided.  After considering the parties'

written and oral submissions, and carefully reviewing the record, we conclude that

cause has not been shown and that this case may be decided without further briefing

---

[1] The other plaintiff in the Superior Court, Jeanette Knott, is not a party to this appeal, and final judgment has entered against her.

[2] The other defendant in this matter, Dexter Jackson (Jackson), has not participated in this litigation.  While he has not had a default judgment enter against him as of the date of this opinion, he is not a party to this appeal, so we refer only to defendant, the City of Providence when we discuss the defendant.  It must be noted that the plaintiff moved for a default to be entered against Jackson just prior to oral argument in this matter.

or argument. For the reasons set forth herein, we affirm the order of the Superior Court.

**Facts and Travel**

The plaintiffs filed their complaint on September 3, 2020, for personal injuries allegedly sustained in a fire at 110 Bowdoin Street in Providence (the property)—a multifamily residential property—on January 12, 2018. Dexter Jackson (Jackson) purportedly owned the property, and plaintiffs claim Jackson's negligence caused the fire. The complaint also alleged that, from January 2015 through January 2018, defendant was aware of several city housing code violations at the property, including, but not limited to, a rat infestation and dangerous electrical wiring.

On April 26, 2021, defendant served interrogatories and requests for production of documents on plaintiff. The defendant submits that it did not receive a response until November 22, 2021. In his answers to the interrogatories, plaintiff provided, *inter alia*, that he declined to elaborate on his other criminal convictions in addition to a domestic violence conviction in 2015; and he frequently—and irrelevantly—referred defendant to plaintiff's medical records in retort to nonmedical questions. Unsatisfied with his responses, defendant sent a letter to plaintiff's counsel on February 14, 2022, requesting more responsive answers. The plaintiff did not respond to that letter, and defendant filed a motion to compel. On March 21, 2022, the Superior Court granted defendant's motion by stipulation,

- 2 -

giving plaintiff forty-five days from a prior hearing date to produce more responsive answers to the interrogatories and requests for production of documents.

Over a month later, on April 29, 2022, defendant filed a motion to enter final judgment against plaintiff after he failed to adhere to the Superior Court's March 21, 2022 order. The plaintiff did not object to this motion. By agreement, the Superior Court continued defendant's motion to enter final judgment. At the hearing on May 26, 2022, defendant asserted that plaintiff had yet to provide his emergency room records stemming from the incident. The plaintiff's counsel averred that she had supplemented the interrogatory responses and that she "just need[ed] a little time" to submit supplemental requests for production. Giving plaintiff his third chance, the trial justice continued the hearing for two weeks and informed plaintiff "[y]ou'll need the response to answers by then, and I'll grant the motion at [that] time."

On May 30, 2022, seemingly in response to the representation by plaintiff's counsel that she had provided adequate supplemental interrogatory answers, defendant filed a renewed motion for entry of final judgment, arguing that—even though plaintiff had provided supplemental answers—the answers remained "evasive and unresponsive" and defendant's request for production was not supplemented. The defendant asserted that plaintiff had not submitted evidence showing his injuries to be permanent, he had not disclosed his treating provider, he

had not turned over a list of his nonpunitive damages, and his criminal history was incomplete. The plaintiff did not object to this motion.

On June 3, 2022, plaintiff produced supplemental responses to defendant's request for production, which still omitted plaintiff's emergency room records and merely included an insurance letter sent to Jackson and "Notice of Claim" that was already in defendant's possession. Both attorneys represented at oral argument that there was no communication between the production of supplemental responses and the hearing date. On June 9, 2022, defendant appeared in Superior Court on its renewed motion for entry of final judgment. The plaintiff's counsel did not appear, and the motion was granted. The plaintiff filed a motion to vacate the order granting defendant's motion to enter judgment on the day before the order was signed, and a separate judgment against plaintiff entered. The defendant objected to plaintiff's motion. At the July 7, 2022 hearing on plaintiff's motion to vacate, plaintiff's counsel admitted she "mistakenly assumed that [defendant's counsel] wouldn't be pursuing the relief because [plaintiff's counsel] had supplemented the responses in accord with [defendant's counsel's] request within days of the hearing." Thereafter, the Superior Court denied plaintiff's motion to vacate the order granting defendant's request for the entry of final judgment, stating at the hearing that he "didn't see any objection to the motion to enter final judgment, and it was scheduled three times,

and [he doesn't] see any reason under Rule 60(b) to give the plaintiff relief from judgment."

Almost a year later, on May 24, 2023, plaintiff filed a "motion for relief[,]" arguing that the Superior Court should relieve plaintiff from the entry of default and final judgment pursuant to Rules 60(b) and 55(c) of the Superior Court Rules of Civil Procedure. The defendant filed a timely objection. After a hearing, the Superior Court denied plaintiff's motion. The plaintiff filed a timely notice of appeal.

**Standard of Review**

"Our review of a Rule 60(b) motion 'is limited to examining the correctness of the order granting or denying the motion, not the correctness of the original judgment.'" *Howell v. Urban League of Rhode Island, Inc.*, 307 A.3d 858, 860 (R.I. 2024) (quoting *Santos v. D. Laikos, Inc.*, 139 A.3d 394, 398 (R.I. 2016)). "We have also clearly stated that 'Rule 60(b) does not constitute a vehicle for the motion justice to reconsider the previous judgment[] in light of later-discovered legal authority.'" *Id.* (deletion omitted) (quoting *Jackson v. Medical Coaches*, 734 A.2d 502, 505 (R.I. 1999)). "A Rule 60(b) motion is addressed to a hearing justice's sound discretion, and we will not ordinarily overturn a ruling with respect to such a motion unless there has been an abuse of discretion." *Id.*; *see also Keystone Elevator Company, Inc. v. Johnson & Wales University*, 850 A.2d 912, 916 (R.I. 2004). As it pertains

to a Rule 60(b) motion, this Court reviews the decision on a motion to vacate an entry of default for an abuse of discretion or an error of law. *Ferris v. Progressive Casualty Insurance Company*, 263 A.3d 1247, 1249 (R.I. 2021).

Additionally, "Rule 55(c) authorizes the trial court to set aside a default 'for good cause shown.'" *McCormick v. Narragansett Improvement Company, Inc.*, 314 A.3d 963, 966 (R.I. 2024) (brackets and deletion omitted) (citing Super. R. Civ. P. 55(c)). "This Court also permits the trial court to set aside a default pursuant to Rule 55(c) 'whenever the court finds that the default was not the result of gross neglect, that the nondefaulting party will not be substantially prejudiced by the reopening, and the party in default has a meritorious defense.'" *Id.* (quoting *R.C. Associates v. Centex General Contractors, Inc.*, 810 A.2d 242, 244 (R.I. 2002)).

## Discussion

At the outset, we consider whether this appeal is interlocutory. In his supplemental brief, plaintiff maintains that his appeal is not interlocutory because the denial of a motion for relief from a default judgment is final and appealable. The plaintiff avers that refusing to hear his appeal will deprive plaintiff of his right to a trial on the merits of his claims. By contrast, defendant contends that plaintiff's appeal is interlocutory and not properly before the Court because the claims against Jackson have not been adjudicated.

- 6 -

"[I]nterlocutory orders are those that are provisional or temporary, or that decide some intermediate point or matter but are not a final decision of the whole matter." *Coit v. Tillinghast*, 91 A.3d 838, 843 (R.I. 2014) (quoting *Simpson v. Vose*, 702 A.2d 1176, 1177 (R.I. 1997) (mem.)). "Generally, interlocutory orders are not subject to review unless the order or decree falls within one of the exceptions set forth in G.L. 1956 § 9-24-7." *Id.* at 843-44 (deletion omitted) (quoting *Cayer v. Cox Rhode Island Telecom, LLC*, 85 A.3d 1140, 1146 (R.I. 2014)). "Moreover, there is a second type of exception that is 'judicial in origin.'" *Id.* at 844 (quoting *Boranian v. Richer*, 983 A.2d 834, 837 (R.I. 2009)). "This familiar exception says that 'an order may fall within the ambit of our judicially created rule that permits review of an interlocutory order that has such an element of finality as to require immediate review by this Court to avoid possible injurious consequences.'" *Id.* (quoting *Chiaradio v. Falck*, 794 A.2d 494, 496 (R.I. 2002)).

Inexplicably, and contrary to representations made at oral argument, plaintiff's counsel moved to default Jackson in the Superior Court on October 28, 2024, three days before oral argument. Despite questions on the interlocutory nature of the appeal, counsel for plaintiff never informed the Court that she was in the process of obtaining a default judgment. The default judgment has not yet entered however, therefore, plaintiff's appeal remains interlocutory. Nevertheless, we believe remand for the purpose of entering judgment against Jackson would be futile.

Jackson has not participated in this matter,[3] and remand would only serve to delay and prolong this litigation. Accordingly, we proceed to evaluate the merits of plaintiff's appeal.

The plaintiff's May 24, 2023 "motion for relief" cites Rules 60(b) and 55(c) and any "applicable law otherwise * * *." In support of his appeal, plaintiff first argues that he has always acted in good faith during discovery and should not be subject to the "ultimate sanction" of dismissal. The plaintiff also contends that the Superior Court never properly examined why defendant's counsel did not attempt to communicate with plaintiff's counsel prior to seeking a default order against plaintiff. Further, plaintiff asserts that the Superior Court failed to consider evidence of plaintiff's good-faith compliance with discovery response requirements, and the reasons for delay plaintiff provided.

Moreover, according to plaintiff, the Superior Court neglected to consider the uniqueness of plaintiff's circumstances[4] surrounding noncompliance with the rules and the other sections under Rule 60(b). Finally, plaintiff maintains that the Superior

---

[3] Our review of the Superior Court docket reveals that Jackson was served with a summons through a corporate entity in Pawtucket, Rhode Island. He did not submit an answer to plaintiff's complaint, nor has he participated at any stage of this litigation.

[4] The plaintiff argued that he was displaced from his home as a result of the fire and unable to meaningfully participate in this litigation and that his incorrect birthdate at the hospital delayed his attorney's ability to obtain his medical records.

Court did not articulate the basis for the entry of final judgment in favor of defendant and that plaintiff was entitled to relief under Rule 55(c).

By contrast, defendant contends that plaintiff is effectively trying to appeal the grant of that judgment through a motion for relief and that appeal is untimely by nearly one year. It asserts that plaintiff had twenty days to appeal the Superior Court's judgment and that a Rule 60 motion cannot be a substitute for a timely appeal. Additionally, defendant argues that plaintiff has not offered any reasons why he would be entitled to relief under Rule 60(b) in the face of "persistent" refusal to participate in discovery by providing answers that are evasive and incomplete. The defendant continues that plaintiff failed to produce the sought-after medical records until almost one year after final judgment entered in defendant's favor. The defendant states that plaintiff never advised defendant that plaintiff was having difficulty acquiring his medical records.

The defendant points to two examples of plaintiff's purportedly deficient responses, noting that plaintiff stated he did "not know what" it meant to provide his nonpunitive damages against defendant, instead referring the question to his attorney, and that he did not list all of his criminal convictions. The defendant maintains that the discovery sought from plaintiff was central to plaintiff's personal injury claim and that defendant needs the information in order to formulate an adequate response.

The record is clear that the trial justice denied plaintiff's motion and rejected his counsel's position that confusion over plaintiff's birth date caused a delay in receiving plaintiff's hospital records and that plaintiff's counsel had lost contact with plaintiff periodically during the litigation. The plaintiff's counsel admitted that she did not object to the motion for entry of judgment because she "didn't think that the defendant was going to pursue that motion," despite never receiving any indication of the sort from defendant's counsel, either verbally or in writing. The plaintiff's counsel reiterated that dismissing his claims based on discovery shortfalls, in light of plaintiff's good faith, was a harsh remedy. At the conclusion of the hearing on the motion for relief, the trial justice stated: "[E]specially the timeline that it took almost a year from July 18th of 2022 when I granted the default judgment until May 24th, 2023, * * * I don't see what circumstances would have changed * * *." Given plaintiff's failure to object to defendant's motion and the extensive time frame in between the denial of the motion to vacate and the filing of the motion for relief, the trial justice rejected plaintiff's contentions.

Before this Court, the plaintiff has repackaged these same arguments and asks us to determine that the trial justice abused his discretion. The plaintiff was given ample opportunity to comply with his discovery obligations and failed to do so. Supplementing discovery answers nearly a year after a default judgment entered against a party does not constitute compliance with discovery. While we

acknowledge the difficulties the plaintiff faced when he was displaced from his home after the fire, we cannot force the defendant to litigate on the plaintiff's timeline in contravention to our rules. The plaintiff has provided no persuasive argument that the trial justice abused his discretion or committed an error of law in denying the plaintiff's motion. *See Ferris*, 263 A.3d at 1249; *see also Hogan v. McAndrew*, 131 A.3d 717, 722 (R.I. 2016) ("Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.") (quoting *Independent Oil and Chemical Workers of Quincy, Inc. v. Procter & Gamble Manufacturing Co.*, 864 F.2d 927, 929 (1st Cir. 1988)).

## Conclusion

For the reasons set forth herein, we affirm the order of the Superior Court. The papers may be returned to the Superior Court.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Willie Gray et al. v. City of Providence et al. |
| **Case Number** | No. 2023-339-Appeal.<br>(PC 20-6247) |
| **Date Opinion Filed** | December 19, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Alyssa M. Volpi, Esq. |
| | For Defendant:<br><br>Michael A. Calise, Esq. |