June 12, 2019

**Supreme Court**

No. 2018-124-Appeal.
(KC 11-378)

Gerald Richard                :

v.                       :

Steven Robinson.           :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2018-124-Appeal.
(KC 11-378)
(dissent and concurrence begins on page 13)

Gerald Richard          :

v.                      :

Steven Robinson.        :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  The defendant, Steven Robinson, appeals from an order of the Superior Court that denied his motion to confirm an arbitration award in his favor. This case came before the Supreme Court for oral argument on February 28, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  After hearing the arguments of the parties and examining the memoranda filed by the parties, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the order of the Superior Court.

## I

### Facts and Travel

This case originated as a legal malpractice action in which the plaintiff, Gerald Richard, alleged that defendant, plaintiff's former attorney, had failed to properly record a property settlement agreement that had been executed by plaintiff and his ex-wife during the course of their divorce proceeding.

The malpractice action proceeded to court-annexed arbitration, and an arbitration award

was issued in favor of defendant on February 7, 2018. On February 15, 2018, plaintiff filed a timely rejection of the arbitration award, employing the Superior Court's electronic filing system. However, that filing was rejected that same day by the Superior Court Arbitration Office because plaintiff had used an incorrect filing code when he submitted his rejection of the award. The plaintiff maintains that, after he learned that his filing had not been accepted, his attorney left a voicemail message with the Superior Court clerk's office either the next day, February 16, or on February 19, the Monday following his receipt of the deficiency notice. According to plaintiff, on March 8, 2018, the day before the thirty day statutory period for rejecting an arbitration award was to expire, the parties participated in a pretrial conference with the trial justice. At that time, plaintiff represented that he had filed a rejection of the arbitration award, but he did not mention that his filing had not been accepted by the Arbitration Office.

On March 12, three days after the statutory period expired, defendant received an automatic notice via electronic mail that plaintiff had failed to reject the arbitration award. The defendant then quickly filed a motion to confirm the arbitration award in Superior Court.

When he received notice of defendant's motion to confirm, plaintiff again contacted the Superior Court clerk's office in an effort to determine the correct code to be used when filing a rejection of an arbitration award through the electronic filing system. The plaintiff then attempted a corrected filing. That filing was also rejected, however, because the statutory filing period had expired.

On March 16, plaintiff filed a motion styled "O[b]jection to Defendant's Acceptance of Arbitration Award and/or Plaintiff's' [*sic*] Motion to Accept His Rejection of the Arbitrator's Award Out of Time Pursuant to Superior Court Rule 6(b)." After a hearing on April 6, 2018, a justice of the Superior Court denied defendant's motion to confirm the arbitration award, but he

- 2 -

did not explicitly rule on plaintiff's Rule 6(b) motion. The defendant filed this timely appeal, arguing that plaintiff's lax and ineffective efforts to correct the deficient rejection of the arbitration award after the statutory period for making such a filing had expired did not rise to the level of excusable neglect. Therefore, he argues, plaintiff's corrected filing should not have been considered timely and, as a result, defendant's motion to confirm should have been granted.

## II

### Discussion

Rule 5(a) of the Superior Court Rules Governing Arbitration of Civil Actions provides that "[a]ny party * * * who is dissatisfied with an arbitrator's award may have a trial as of right upon filing a written rejection of the award * * * within thirty (30) days after the arbitrator's award has been filed[.]" If the dissatisfied party fails to file a written rejection of the award within the thirty day statutory period, the prevailing party "may apply to the court for an order confirming the award, and thereupon the court must grant the order confirming the award unless the award is vacated, modified or corrected[.]" General Laws 1956 § 10-3-11. It is worth highlighting that a motion to confirm an arbitration award in court-annexed arbitration may be brought only if a motion to reject the award has not been filed within the thirty day statutory period.

We must determine, therefore, whether defendant's motion to confirm the arbitrator's award became ripe as a result of plaintiff's failure to correct his initially deficient motion to reject the award within the statutory period. Before we reach this question, however, we must determine the correct standard by which to consider plaintiff's corrected rejection of the arbitrator's award. Moreover, because of the novelty of the issue, we also take the opportunity to address the circumstances under which the appropriate office of the Superior Court may reject a

filing submitted through the electronic filing system.

## A

### The Initial Rejection

Although the issue was not raised by the litigants, we take the liberty to address the instances when an electronically submitted filing may be rejected either by the Superior Court clerk's office or the Superior Court Arbitration Office. We note, however, that, because neither party has challenged the procedures employed by the Superior Court Arbitration Office in this case, we do not base our decision in this case on that issue. *See State v. Figuereo*, 31 A.3d 1283, 1289 (R.I. 2011) ("It is well-settled that this Court will not review issues that were not presented to the trial court 'in such a posture as to alert the trial justice to the question being raised.'") (quoting *Pollard v. Acer Group*, 870 A.2d 429, 433 (R.I. 2005)).

The Superior Court implemented mandatory electronic filing in November 2014. *See* Super. R. Civ. P. 86. In connection with that implementation, this Court adopted Article X of the Supreme Court Rules, Governing Electronic Filing (the Electronic Filing Rules). Shortly thereafter, the Superior Court Rules of Civil Procedure and the Superior Court Rules Governing Arbitration of Civil Actions (the Arbitration Rules) were amended to address the proper procedure for litigants to follow when submitting filings using that system.

The amended rules specify the process for the appropriate office of the Superior Court to review those filings for compliance with the electronic filing procedures. Rule 1(b)(4) of the Superior Court Rules of Civil Procedure, Rule 1(f)(3) of the Arbitration Rules, and Rule 5(c) of the Electronic Filing Rules all provide, with some inconsequential variation in language,[1] that

---

[1] Bracketed language in this quotation appears in the Superior Court Rules of Civil Procedure and the Arbitration Rules, but not in the Electronic Filing Rules. The remaining language is identical across all three rules.

"Upon acceptance, the submitted document[(s)] shall be entered into the docket of the case and the docket shall reflect the date and time of filing as set forth in [Art. X,] Rule 5(b) [of the Rhode Island Supreme Court Rules Governing Electronic Filing]."[2]  An electronically submitted document may be rejected, however, only for the grounds specifically enumerated in the Superior Court Rules of Civil Procedure and the Arbitration Rules, depending on the nature of the case.  If a document is rejected, Rule 5(c) of the Electronic Filing Rules provides that "a rejection notice shall be sent to the filing party and the document shall not be docketed."[3]

Of particular note in this case, the grounds for rejecting a filing in general civil cases are far more extensive than the grounds for rejecting a filing in arbitration cases.  Pursuant to Rule 1(b)(4) of the Superior Court Rules of Civil Procedure, there are seventeen grounds for rejecting an electronically submitted document in general civil cases:

> "(A) Pleadings filed without a conventional signature where required;
>
> "(B) Pleadings filed without the required documents as set forth in the Superior Court's Electronic Filing System Guidelines;
>
> "(C) Pleadings not filed in accordance with Rule 1(b)(3);
>
> "(D) Discovery requests and responses not filed in accordance with

---

[2] Article X, Rule 5(b) of the Electronic Filing Rules provides:

> "A document will be deemed to have been filed and/or served on the date and time when it is submitted to the [electronic filing system], regardless of whether the court is open for business at the time of submission.  The filing shall be stamped with the submission date and time.  Documents will be considered to have been timely filed when submitted at any time up to 11:59 p.m. on a filing deadline day.  The time and date registered by the Judiciary's computer shall be determinative."

[3] Nearly identical language appears in Rule 1(f)(3) of the Arbitration Rules.  Rule 1(b)(4) of the Superior Court Rules of Civil Procedure refers to Rule 5(c) of the Electronic Filing Rules as governing rejected filings.

Rule 5(d);

"(E) Documents, including any required documents, attachments, or exhibits, scanned in the wrong orientation, e.g., upside down or backwards;

"(F) Documents scanned and filed that are unreadable or illegible;

"(G) Documents filed in a fillable portable document format (PDF);

"(H) Fees not paid on requested executions and citations;

"(I) The document filed does not match the selected filing code type;

"(J) The document is filed into the wrong case;

"(K) The document contains the wrong or incomplete case caption;

"(L) The document is filed with no case identification;

"(M) The document was improperly scanned or uploaded;

"(N) The party name, party address, or document name exceeds the number of allotted characters in the EFS;

"(O) The filer added a party or participant that is not configured in the CMS [Case Management System] or does not match the information in the case;

"(P) A payment processing error occurred; and/or

"(Q) A technical submission error occurred."

In contrast, the grounds for rejecting an electronically submitted document in arbitration cases are more circumscribed. Rule 1(f)(3) of the Arbitration Rules provides, in pertinent part:

"In accordance with Art. X, Rule 5(c), grounds for the rejection of a document submitted to the [electronic filing system] for arbitration cases in the Superior Court are limited in scope as follows:

"(A) Documents filed without a signature where required; and

"(B) Documents not filed in accordance with Rule 1(f)(2)."

In this case, as part of the process of submitting a document using the electronic filing system, plaintiff was required to select a "filing code" to identify the type of filing he was submitting. The code he selected determined, among other things, the fee that plaintiff would be required to pay for the filing. Unfortunately, plaintiff selected an incorrect code for the filing of his rejection of the arbitration award. Had this not been an arbitration case, Rule 1(b)(4)(I) of the Superior Court Rules of Civil Procedure would have provided the Superior Court clerk's office with grounds for rejecting plaintiff's filing. However, the case before us does indeed concern court-annexed arbitration, and it is therefore properly governed by Rule 1(f)(3) of the Arbitration Rules. That rule allows an electronic filing in an arbitration case to be rejected only if the document lacks a required signature or if the document was not filed in the proper format as required by Rule 1(f)(2) of the Arbitration Rules.[4] Accordingly, the use of an improper code when submitting an electronic filing in an arbitration case is not a sufficient ground for rejecting a filing. Thus, plaintiff's rejection of the arbitration award should not have been declined by the Superior Court Arbitration Office. That said, as we noted above, plaintiff did not challenge the review procedures employed by the Arbitration Office in this case, and we cannot, therefore, fault the hearing justice for failing to rule on an issue that was not brought to his attention.

**B**

**The Applicable Standard for Corrected Electronic Filings**

Because plaintiff did not challenge the review procedures for his rejected filing, we turn

---

[4] Although Rule 1(f)(3) of the Arbitration Rules provides that "Documents not filed in accordance with Rule 1(f)(2)" may be rejected, and Rule 1(f)(2) refers litigants to the Superior Court's Electronic Filing System Guidelines for "specific requirements," we do not believe the guidelines provide independent grounds for rejecting an electronically submitted filing. The guidelines are meant instead to be a roadmap for litigants to follow when navigating the complex and potentially confusing roadways of the Superior Court's electronic filing system.

to the issues that have been raised in defendant's appeal—whether the hearing justice erred when he allowed plaintiff to correct his rejected filing after the period for rejecting an arbitration award had expired. The parties have articulated the issue before us as one of excusable neglect—namely, whether plaintiff should have been permitted to reject an arbitrator's award out of time pursuant to Rule 6(b) of the Superior Court Rules of Civil Procedure because his failure to timely correct his initially deficient filing was occasioned by excusable neglect. However, it is our opinion that Rule 6(b) is inapplicable to the procedural posture before us, and it was not the basis for the hearing justice's ruling below.

Under the provisions of Rule 6(b), a justice of the Superior Court has discretion to grant a party's motion to file out of time "where the failure to act was the result of excusable neglect[.]"[5] *See Boranian v. Richer*, 983 A.2d 834, 837-38 (R.I. 2009). However, unlike the typical case governed by Rule 6(b), in which a party fails to act at all during the applicable period, plaintiff in this case did attempt to file a timely rejection within the thirty day statutory period.[6] As discussed *supra*, however, that filing was disallowed by the Superior Court Arbitration Office—incorrectly, in our opinion—because plaintiff did not enter the proper code when submitting his

---

[5] "Excusable neglect" has been defined by this Court as:

> "A failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party." *Pleasant Management, LLC v. Carrasco*, 960 A.2d 216, 224-25 (R.I. 2008) (brackets omitted) (quoting *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 584 (R.I. 2005)).

[6] It is beyond debate that "a motion to reject an arbitrator's award out of time is governed by Rule 6(b)" of the Superior Court Rules of Civil Procedure. *Boranian v. Richer*, 983 A.2d 834, 837 (R.I. 2009). However, we are not concerned with the rejection of an arbitrator's award out of time because plaintiff did in fact file within the statutory period. It was only his attempt to correct that timely, albeit initially deficient, filing that fell outside the statutory period.

filing through the Superior Court's electronic filing system.

Rule 5(c) of the Electronic Filing Rules provides, in pertinent part:

> "If a document is filed which does not conform to the rules of the court in which it is filed, a rejection notice shall be sent to the filing party and the document shall not be docketed. * * * *A rejected filing shall be promptly corrected and resubmitted and shall be deemed to have been submitted and filed on the initial filing date for purposes of any statutory or rule-based deadline.*"
> (Emphasis added.)

Unlike Rule 6(b) of the Superior Court Rules of Civil Procedure, which gives a court discretion to allow a party to comply out of time when nothing has been filed during the statutory period, if the failure to timely file was a result of excusable neglect, Rule 5(c) of the Electronic Filing Rules directs that a *corrected* filing relates back to the date of an original *timely* filing if that timely filing was rejected because it did not conform to the Electronic Filing Rules. However, this relaxation of the rule is contingent on the requirement that the corrected filing be made "promptly."[7] Notably absent from the text of Rule 5(c) is any mandate that the initial deficiency, or any delay in making a correction, be the result of "excusable neglect." We decline, therefore, to engraft an excusable neglect standard onto the text of Rule 5(c).[8]

Therefore, when a party, such as plaintiff in this case, timely files a document using the

---

[7] The "initial filing date" referred to in Rule 5(c) is determined by Rule 5(b), which provides that "[a] document will be deemed to have been filed and/or served on the date and time when it is submitted to the [electronic filing system.]" However, when a document is rejected, Rule 5(c) provides that "the document shall not be docketed" unless the document is "promptly corrected and resubmitted[.]" Rule 5(c) makes it clear that a corrected filing is "deemed to have been submitted and filed on the initial filing date" only if the correction is made "promptly."

[8] We note that the hearing justice did not make a finding with respect to excusable neglect, nor did he explicitly rule on plaintiff's "O[b]jection to Defendant's Acceptance of Arbitration Award and/or Plaintiff's' [*sic*] Motion to Accept His Rejection of the Arbitrator's Award Out of Time Pursuant to Superior Court Rule 6(b)." He confined his ruling to denying defendant's motion to confirm the award, and ruled only "that the plaintiff's counsel, within the spirit of Rule 5(c) [of the Electronic Filing Rules], made every attempt to not only make the Court aware of the rejection but to try to correct it[.]"

electronic filing system, which document does not conform to the rules of the court, and then later corrects the rejected document after the statutory period expires, the proper inquiry is whether that correction was made "promptly."

Although the rule does not provide guidance as to what constitutes a prompt filing, it is our opinion that such a determination may vary with the circumstances of each case, and that that decision should rest within the sound discretion of the trial justice. If the trial justice rules, in his or her discretion, that the correction was in fact made "promptly," then the corrected filing "shall be deemed to have been submitted and filed on the initial filing date" and thus shall be considered timely. Our review is therefore limited to whether the trial justice acted within the bounds of his discretion when he considered the corrected rejection of the arbitration award to have been timely filed.

## C

### Application

This Court is aware that the mandated transition to electronic filing has, not surprisingly, resulted in a sea change in the practice of law that has required parties and their attorneys to adapt to an unfamiliar method of filing pleadings and otherwise interacting with the courts of this state. It is this Court's opinion that, when a litigant makes a good faith attempt to submit a timely filing, some leeway should be allowed for minor errors that cause those good faith attempts to be rejected. Rule 5(c) thus requires only that litigants, upon notice of an infirmity in a good faith timely filing, "promptly" make the necessary corrections.

Therefore, in the case before us, we place our focus on whether the correction that was made could fairly be categorized as prompt by the trial justice. The plaintiff submitted his written rejection of the arbitration award via the electronic filing system on February 15, 2018,

and the Superior Court Arbitration Office notified plaintiff of the deficiency in that filing later that very same day. The plaintiff represented to the trial justice that he had telephoned the office of the clerk of the Superior Court and that he had left a message informing the clerk that his filing had been rejected. He argued to the trial justice that he reasonably believed that the clerk would correct the filing, and that he had learned that his filing had not been corrected by the clerk only after he received defendant's motion to confirm the arbitrator's award. It was then— some twenty-eight days after plaintiff received notice that his filing had been rejected, and six days after the statutory period for filing a written rejection of an arbitration award had expired— that plaintiff filed a properly coded rejection.

When the trial justice met with the parties on April 6, 2018, to consider defendant's motion to confirm the arbitration award and plaintiff's objection thereto, it was his duty to decide whether plaintiff's efforts to correct his filing had been made, in the phraseology of Rule 5(c), "promptly." The trial justice accepted plaintiff's representation that he had left a message with the clerk's office and that he believed, even if incorrectly, that the clerk's office would correct his deficient filing internally. Moreover, during the hearing in question, the trial justice asked defendant to define "promptly" as that term is used in Rule 5(c), and, although the trial justice did not later use that term explicitly in his ruling, it is our opinion that he implicitly made a finding that plaintiff had acted promptly.[9] At the very least, it is clear that the hearing justice had Rule 5(c) in mind when he ruled that "plaintiff's counsel, within the spirit of Rule 5(c), made every attempt to not only make the Court aware of the rejection but to try to correct it[.]"

As we have stated *supra*, that decision fell within the sound discretion of the trial justice.

---

[9] The defendant offered this definition of "promptly" to the hearing justice: "Within the timeframe set forth in the rules as to when to file a notice of rejection." We can find no textual basis for this limitation, and the hearing justice was correct not to adopt it.

It is our function in this case to determine, not whether there was excusable neglect, but whether the trial justice properly exercised his discretion when he determined, under all the attendant circumstances, that the corrected filing was prompt. It is our opinion, after giving due deference to the decision of the trial justice, that he ruled squarely within the bounds of his considerable discretion. Thus, we affirm the order of the trial justice.[10]

We pause to note that we are aware of the difficulties that the change to electronic filing has brought to practitioners. We have no doubt that the trial justice showed some leniency in this case due to the relative newness of the electronic filing system. We certainly do not disagree with him. On the other hand, we note that the electronic filing system has been in place in the Superior Court since November 2014, that all members of the bar must learn to employ the system effectively, and that the days of leniency must soon come to an end. *See* Super. R. Civ. P. 86.

### III

### Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court. The papers in this case shall be returned to the Superior Court.

---

[10] The defendant also argues that, there being no motion before the trial court for a change in venue, it was error for the hearing justice to move the case to Providence County. This argument was not raised before the hearing justice, and was therefore not properly preserved for our review. *See Atryzek v. State*, 197 A.3d 334, 337 (R.I. 2018) ("Over the course of decades, we have made it abundantly clear that 'a litigant cannot raise an objection or advance a new theory on appeal if it was not raised before the trial court.'") (quoting *State v. Bido*, 941 A.2d 822, 829 (R.I. 2008)).

**Justice Goldberg, with whom Chief Justice Suttell joins, dissenting in part and concurring in the result.** Although I concur in the result in this case, I reach that conclusion on different grounds and am of the opinion that the decision of the majority is incorrect. Consequently, I dissent.

### The Electronic Filing System and the Timeliness of Court Filings

When this Court undertook the development and implementation of an electronic filing system for the entire judiciary, the bench and the bar entered a new era with respect to litigation practices in our courts. Some of us—but not everyone—may view this effort as a brave new world. Gone are the days when an attorney can appear at the clerk's office and hand a document to a clerk in order to avoid a looming time bar in a case. Instead, electronic filing of all documents is mandatory (except for a limited class of individuals). This endeavor necessitated the adoption and promulgation of new electronic filing rules in every court, with a staggered implementation schedule. This was a monumental achievement after significant effort by professional staff in every court. A conversion of this magnitude will give rise to growing pains and a need for some flesh on the bones of this electronic skeleton. The fact that the members of this Court disagree on the meaning of the terms set forth in Article X, Rule 5 of the Supreme Court Rules Governing Electronic Filing—which we promulgated—is emblematic of the complexity of this task.

The Supreme Court Rules Governing Electronic Filing provide that the Electronic Filing System (EFS) is a twenty-four/seven service that accepts filings twenty-four hours a day, seven days a week. "A document will be deemed to have been filed and/or served on the date and time when it is submitted to the EFS * * * [and] will be considered to have been timely filed when submitted at any time up to 11:59 p.m. on a filing deadline day." Art. X, Rule 5(b) of the

Supreme Court Rules. In my opinion, this is an overarching component of this electronic frontier. The bench and the bar must have confidence that this Court's Rules Governing Electronic Filing have not altered any statutes of limitations or other rule-based deadlines.

The majority, in my opinion, has got it wrong, and its interpretation of the Rule strays far afield from our judicial task. For purposes of the statute of limitations, the timeliness of a notice of appeal, a petition for writ of certiorari, and, as in this case, the rejection of an arbitration award, the date the document is filed in the EFS is the controlling date and never changes; exactly as the law stood before we adopted these Rules, when we looked to the date-stamp affixed by the clerk to a paper filing. Whether or not the filing is subsequently rejected for clerical error and not docketed should have no bearing on the timeliness of the filing. In my opinion, a document that is timely filed does not lose its status because a clerk rejects the filing and the document is not docketed. As will be discussed *infra*, the majority conflates the terms "filing" and "docketed." These terms are not synonymous. Filing and docketing are separate and distinct events in the EFS.

Understandably, the EFS requires that, in order to be docketed, documents must conform to the technical requirements of the EFS, including the mandate that a filing must be in a searchable format that is self-contained (for instance, with no hyperlinks to external websites). There are user guides to assist one in this task. Every filing is subject to a timely review by the court in which it was filed and the court "shall notify the filing party as to whether the filing is accepted or rejected." Art. X, Rule 5(c) of the Supreme Court Rules. In the happy circumstance that the document is accepted, it will be docketed and "the docket shall reflect the date and time of filing as set forth in Rule 5(b)." *Id.* However, if the document is filed and does not conform to the filing requirements of the EFS—which may or may not be the responsibility of a paralegal

- 14 -

or staff assistant—"a rejection notice shall be sent to the filing party and the document ***shall not be docketed***." *Id.* (emphasis added). The rules do not define the word "docketed," but it is textually manifest that "docketed" does not mean "filing." The clerical task of docketing a filing in any court in the unified judiciary does not, nor can it, impact the timeliness of the filing. Otherwise, we would have created rules with floating and indefinite statutes of limitations, which is far in excess of our jurisprudence.

The rules[1] that are relevant to this discussion are set forth as follows:

### Supreme Court Rules – Rules Governing Electronic Filing
### Article X, Rule 5

"[Rule 5](b) *Time of filing.* A document will be deemed to have been filed and/or served on the date and time when it is submitted to the EFS, regardless of whether the court is open for business at the time of submission. The filing shall be stamped with the submission date and time. Documents will be considered to have been timely filed when submitted at any time up to 11:59 p.m. on a filing deadline day. The time and date registered by the Judiciary's computer shall be determinative."

"[Rule 5](c) *Clerk Review; Acceptance/Rejection Procedure.* Following submission, the court shall timely review the electronically filed document and shall notify the filing party as to whether the filing is accepted or rejected. Upon acceptance, the submitted document shall be entered into the docket of the case and the docket shall reflect the date and time of filing as set forth in Rule 5(b). If a document is filed which does not conform to the rules of the court in which it is filed, a rejection notice shall be sent to the filing party and the document shall not be docketed. The rejection notice shall identify the basis for the rejection in accordance with the rules of the court. A rejected filing shall be promptly corrected and resubmitted and shall be deemed to have been submitted and filed on the initial filing date for purposes of any statutory or rule-based deadline."

---

[1] Having been promulgated by the Supreme Court, "The Rhode Island Judiciary User Guide for Electronic Filing" and "The Superior Court's Electronic Filing System Guidelines" are court rules, with the force of law. Although both are useful navigational aids, there are some inconsistencies between the rules and the guidelines.

"[Rule 1(f)(2)] *Electronic Filing of Documents*. When using the EFS:

"(A)    All Case Initiating Document(s), including any required documents, attachments, or exhibits, shall be submitted individually as separate files within the same initial submission or filing;

"(B)    All subsequent pleadings, motions, and other papers, shall be submitted individually with related documents submitted as separate files within the same submission or filing (for example, a motion and memorandum or other supporting attachments or exhibits filed in support of a motion); and

"(C)    Categories of items such as bills, receipts, invoices, photographs, etc. may be submitted in one attachment

"For specific requirements, see the Superior Court's Electronic Filing System Guidelines."

"[Rule 1(f)(3)] *Clerk Review; Acceptance/Rejection Procedure*. Following submission, the Arbitration Office shall timely review the electronically filed document(s) and shall notify the filing party as to whether the filing is accepted or rejected. Upon acceptance, the submitted document(s) shall be entered into the docket of the case and the docket shall reflect the date and time of filing as set forth in Art. X, Rule 5(b) of the Rhode Island Supreme Court Rules Governing Electronic Filing.  In accordance with Art. X, Rule 5(c), grounds for the rejection of a document submitted to the EFS for arbitration cases in the Superior Court are limited in scope as follows:

"(A)    Documents filed without a signature where required; and

"(B)    Documents not filed in accordance with Rule 1(f)(2).

"If rejected, the filing will not be docketed and notice will be sent to the Registered User indicating why the document(s) was returned.  The rejection notice shall identify the basis for the rejection in accordance with the rules of the court.  A rejected filing shall be promptly corrected and resubmitted and shall be deemed to have been submitted and filed on the initial filing date for purposes of any statutory or rule-based deadline."

"*8.2 Statute of limitations* – **When the resubmission is filed after the statute of limitations because of a court rejection, the Registered User shall submit a new filing, type 'Envelope [put in number] resubmission' (indicating the filing which was previously rejected by the court) in the 'Filing Comments,' and attach a copy of the previously rejected submission details.** Once confirmed, the administrator or a designee of each court shall change the event date in the CMS and ensure that both the original (rejected) document and the submitted accepted document are attached to the event for judicial review." (Emphasis in original.)

A careful reading of these rules and guidelines leads to the ineluctable conclusion that the law surrounding statutes of limitations and other statutory or rule-based deadlines has not changed, as the majority opinion declares. There are no contingencies in these rules. The date the document is filed in the EFS—whether it is docketed or not—is the date that the document is deemed to have been filed. For purposes of time computation, the date the filing is docketed is not relevant and cannot impact the statute of limitations. A timely filing does not become untimely. Words have meaning. Docketing does not mean filing in the context of the EFS, but when a rejection notice is sent to the filing party, something must be done in order for a rejected document to conform to the technical requirements of the EFS and be docketed. To be sure, this is an important mandate that must be honored by every user and the filing must be promptly corrected.

The rules and guidelines contain a plethora of requirements, several of which (including in this case) relate to collecting the correct fee. It is equally clear that a technical error does not change the filing date. "A document will be deemed to have been filed and/or served on the date and time when it is submitted to the EFS, regardless of whether the court is open for business at the time of submission," Art. X, Rule 5(b) of the Supreme Court Rules; and regardless of

whether "a rejection notice shall be sent to the filing party and the document shall not be docketed." Art. X, Rule 5(c) of the Supreme Court Rules. Although it has no bearing on the timeliness of the filing, what occurs after a filing is rejected, including the duties of the court and counsel, are critical to the efficient operation of the EFS.

Article X, Rule 5(c), "Clerk Review; Acceptance/Rejection Procedure,"[2] is multifaceted and, as it is entitled, sets forth the circumstances under which a filing is accepted and "docketed," or rejected and therefore not "docketed." If the document is rejected, the rejection notice:

1. "shall identify the basis for the rejection in accordance with the rules of the court";

2. "shall be promptly corrected and resubmitted; and"

3. "shall be deemed to have been submitted and filed on the initial filing date for purposes of any statutory or rule-based deadline."

The term "prompt" means "performed without delay." The American Heritage Dictionary of the English Language 1450 (3rd ed. 1996). Therefore, a rejected filing should be corrected without delay. Rule 5(c) does not set forth any consequences for the failure to correct a rejected filing—whether negligent or deliberate; whether prompt or not.

In the absence of specific sanctions in the Rules Governing Electronic Filing for the failure to "promptly" correct a rejected filing, reference to the rules of procedure governing a party's failure to comply with a court directive is helpful. Although Rule 11 of the Superior Court Rules of Civil Procedure is not directly applicable to a failure to promptly correct a rejected filing, it may be used by analogy to guide judicial officers in an appropriate case. *See*

---

[2] I note that this Court included two undefined temporal terms in Rule 5(c): "the court shall *timely* review the electronically filed document" and "[a] rejected filing shall be *promptly* corrected[.]" (Emphasis added.) This lack of clarity is emblematic of the complexity of our task and the need to preserve the trust and confidence of the bar.

*Manning v. Bellafiore*, 139 A.3d 505, 516 (R.I. 2016). Sanctions contained in the discovery rules also are relevant. The available sanctions, imposed by a judicial officer, can range from contempt for deliberate misconduct—especially if the delay is intended to mislead the Court in a material matter—to lesser sanctions, such as costs or attorneys' fees, similar to those available for discovery violations. Certainly, in the face of deliberate misconduct, a trial justice is free to order the dismissal of the claim or defense. *Lett v. Providence Journal Company*, 798 A.2d 355, 363-64 (R.I. 2002). A judicially-imposed sanction may be implemented in order to provide an appropriate remedy for the act or omission in a particular case and to deter its repetition. *Manning*, 139 A.3d at 516. However, no judicial officer is vested with any authority to amend legislatively-enacted statutes of limitations.

### The Case Before the Court

Turning to the majority opinion, the majority declares that "a *corrected* filing relates back to the date of an original *timely* filing[.]" (Emphasis in original.) This is incorrect. The rule does not contain a relation-back component and this Court did not engraft the relation-back doctrine onto these rules. *See* Super. R. Civ. P. 15(c) ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."). The majority also declares that this relation-back element "is *contingent* on the requirement that the corrected filing be made 'promptly.'" (Emphasis added.) The law surrounding statutes of limitations and other statutory and rule-based deadlines, including the relation-back doctrine, is not contingent, nor is it a moving target or a trap for the unwary. According to the majority, "Rule 5(c) makes it clear that a corrected filing is 'deemed to have been submitted and filed on the initial filing date' *only if the correction is made 'promptly.'*"

- 19 -

(Emphasis added.) This is alarming. Judicial compliance with statutes of limitations and rule-based time periods is not contingent upon whether a document that was timely filed but rejected by the court is promptly corrected. Otherwise, the enactments of the General Assembly would be subject to judicial amendment.

The majority erroneously equates the term "filing date" with that of "docketed." These terms are not synonymous. Black's Law Dictionary has defined the phrase, "Filing with [the] court" as the "*Delivery* of [a] legal document to [the] clerk of court or other proper officer with intent that it be filed with [the] court." Black's Law Dictionary 628 (6th ed. 1990) (emphasis added); *see also* Black's Law Dictionary 745 (10th ed. 2014) (defining "file" as "to deliver a legal document to the court clerk or record custodian for placement into the official record"). The term "docket" on the other hand, is defined by Black's Law Dictionary as "[a] formal record in which a judge or court clerk briefly notes all the proceedings and filings in a court case[.]" Black's Law Dictionary 584-85 (10th ed. 2014). Under these definitions, our own rules, and this Court's caselaw, it is clear that the term "docketed" does not mean "filed." A brief survey of our rules and caselaw reveals that this Court has never conflated these terms.

The "Public Access Portal" is defined in the Superior Court Rules of Civil Procedure as:

> "The point of entry for electronic access to case information from the Judiciary's database whether at the courthouse or remotely. *The database is an electronic collection of court records displayed as a register of actions or docket sheet.* The register of actions or *docket sheet* lists parties, case events, document filings, or other activities in a case set forth in chronological order." Super. R. Civ. P. 1(b)(1)(G) (emphasis added).

This Court's Rules of Appellate Procedure provide, in part, with respect to the filing of the record and docketing of an appeal:

> "Rule 12. Filing of the record – Docketing of the appeal. –

"(a)     Filing of the Record. Upon receipt of the record by the clerk of the Supreme Court following its timely transmittal, the clerk shall file the record.  The clerk shall immediately give notice to all parties of the date on which the record was filed.

"(b)     *Docketing the Appeal*. Upon the filing of the record, the clerk of the Supreme Court shall thereupon enter the appeal upon the appropriate docket.  An appeal shall be docketed under the title given to the action in the trial court with such addition as is necessary to indicate the identity of the appellant.

"(c)     Dismissal for Failure of Appellant to Cause Timely Transmission or to Docket Appeal. If the appellant shall fail to cause timely transmission of the record, any appellee may file a motion in the trial court to dismiss the appeal. Instead of filing a motion to dismiss the appeal, the appellee may cause the record to be transmitted and may docket the appeal, in which event the appeal shall proceed as if the appellant had caused it to be *docketed*."  Art. I, Rule 12 of the Supreme Court Rules of Appellate Procedure (emphasis added).

Rule 79 of the Superior Court Rules of Civil Procedure, the Family Court Rules of Domestic Relations Procedure, and the District Court Civil Rules employ the term "docket," and distinguish between the respective court's civil docket and other court records.  The Superior Court rule reads as follows:

"79. Books and Records Kept by the Clerk and Entries Therein.

"(a)     Civil Docket. The clerk shall keep the civil docket and shall enter therein each civil action to which these rules are made applicable.  Actions shall be assigned consecutive file numbers.  All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket assigned to the action and shall be marked with its file number.  These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process.  The entry of an order or judgment shall show the date the entry is made.  When in an action trial by jury has been properly demanded or ordered, the clerk shall enter the demand or order in the *docket*.

- 21 -

"(b)    Indices.   Indices of the civil docket and of every civil judgment shall be kept by the clerk according to law and the general orders of the court.

"(c)    Other Records of the Clerk.  The clerk shall also keep such records as may be required by law or by order of the judicial officers of the court."   Super. R. Civ. P. 79 (emphasis added).

In my opinion, the aforementioned rules accord meaning to the term "docketed" in the EFS as the repository of material maintained by the judiciary that is electronically filed and readable through the use of an electronic device. This definition also clears up any confusion surrounding the interplay between Rules 5(b) and 5(c) of Article X of the Supreme Court Rules.

Furthermore, when this Court has referenced the term "docket" in our writings, we have never employed the term to mean a "filing," and we ought not do so today.

> "In considering a motion to dismiss for failure to prosecute, the court is 'required to weigh conflicting interests. On the one hand is the court's need to manage its *docket*, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay.  On the other hand, there is the desire to dispose of cases on their merits.'" *Harvey v. Town of Tiverton*, 764 A.2d 141, 143 (R.I. 2001) (emphasis added) (quoting *Hyszko v. Barbour*, 448 A.2d 723, 726 (R.I. 1982)).

*See Tate v. Howard*, 110 R.I. 641, 652-53, 296 A.2d 19, 25-26 (1972) (declaring that the Attorney General does not have control of the court's criminal *docket*).

Finally, and conclusively in my opinion, G.L. 1956 § 9-1-12 defines when an action is commenced for purposes of the statute of limitations; it provides: "An action is commenced for purposes of the statute of limitations when the complaint is either filed with the court, deposited in the mail addressed to the clerk, or delivered to an officer for service."

Accordingly, because I am convinced that the majority opinion springs from a wrong definitional premise, it is not necessary to address whether the trial justice abused his discretion,

save for noting that an erroneous rejection by the Superior Court's Arbitration Office that was done in excess of its authority is what brought us here. This *ultra vires* act is thus voidable and should be declared null and void. Because the majority does violence to our existing law, I am not on board.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Gerald Richard v. Steven Robinson. |
| **Case Number** | No. 2018-124-Appeal.<br>(KC 11-378) |
| **Date Opinion Filed** | June 12, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Joseph A. Montalbano |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Thomas L. Mirza, Esq. |
| | For Defendant:<br><br>Steven A. Robinson, Pro Se |